IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3145-FL

| | | |
|---|---|---|
| THERON JERMAINE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, J.C. | ) | |
| HOLLAND, TED PALUCH, WILLIE | ) | |
| ADAMS, A. JONES, E. BURDETT, | ) | |
| MATTHEW W. MELLADY, J.F. | ) | |
| CARAWAY, JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a federal inmate, filed this civil rights action *pro se* pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ('FTCA"), 28 U.S.C. §§ 2671–2680. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion to amend (DE 9) and motion to compel production of documents (DE 10).

A. Motion to Amend

The court first addresses plaintiff's motions to amend his complaint. A party may amend its pleading once as a matter of right. See Fed. R. Civ. P. 15(a). Therefore, the court GRANTS plaintiff's motion to amend.

B. Motion to Compel Production of Documents

Next, the court turns to plaintiff's motion to compel. Plaintiff's motion to compel is not a model of clarity, but it appears he seeks the production of documents related to the exhaustion of his administrative remedies. This motion to compel was filed before the court completed its frivolity

review, and no defendant has been served. Therefore, the motion is premature. Moreover, discovery requests must be made directly to defendants rather than filed with this court. Finally, plaintiff's discovery requests appear overbroad and unduly burdensome on their face. Accordingly, plaintiff's motion to compel discovery is DENIED.

C.  Initial Review

The court now conducts a frivolity review of plaintiff's complaint and amended complaint. A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff contends that he was denied due process when he was terminated from his prison work assignment. (See,e.g., Compl. (DE 1), pp. 8-10). As an initial matter, that court notes that plaintiff's allegations are not a model of clarity, and fail to meet the requirements of notice pleading. See Fed. R. Civ. P. 8. Specifically, plaintiff lists nine defendants, including a John Doe defendant. Plaintiff's allegations are rambling and disjointed, and fail to coherently connect specific defendants

2

to specific behavior and specific injuries. In sum, plaintiff's filings have not given any defendant fair notice of his claims or the factual basis upon which they rest, and his claims could be dismissed for that reason alone. See, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Burnette v. Fahey, 687 F.3d 171, 182–84 (4th Cir. 2012).

Even if plaintiff's filings met the requirements of notice pleading, his allegations fail to state a viable claim. First, Bivens creates a private right of action against federal officers sued in their individual capacities for certain constitutional violations. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66-68 (2001). However, plaintiff has no constitutionally protected interest in obtaining a prison work assignment. See, e.g., McKune v. Lile, 536 U.S. 24, 38 (2002) (a prisoner has no constitutional right to the opportunity to participate in vocational, educational, recreational, and rehabilitative programs); O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991); Backus v. Ward, No. 98-6331, 1998 WL 372377, at *1 (4th Cir. June 8, 1998) (per curiam) (unpublished) (citing Sandin v. Conner, 515 U.S. 472, 486–87 (1995); Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) (finding that federal prisoner did not have a legitimate claim of entitlement to continuing his Federal Prison Industries employment); Laroque v. Beck, No. 5:09-CT-3025-H, 2009 WL 6617608, at *1 (E.D.N.C. Mar. 3, 2009) (rejecting prisoner's § 1983 "claim[] that because he does not have a job assignment, he has lost 14 days 'earned time credit' which would have been deducted from his maximum sentence"). Accordingly, plaintiff's Bivens claim is frivolous.

With regard to plaintiff's FTCA claim, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during

3

confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963).

The FTCA does not allow recovery, however, for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function," even if "the discretion involved [is] abused." 28 U.S.C. § 2680(a). "The discretionary function exception 'marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals.'" Holbrook v. United States, 673 F.3d 341, 345 (4th Cir. 2012) (quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984)). Courts have consistently held that the decision to assign or remove an inmate from a prison job is subject to the discretionary function exception. See Middleton v. United States Federal Bureau of Prisons, 658 Fed. Appx. 167, 170 (3rd Cir. 2016)(finding that the act of assigning an inmate to a prison job is covered by the discretionary function exception); Santana-Rosa v. United States, 335 F.3d 39, 44 (1st Cir. 2003) (same); Vickers v. United States, 228 F.3d 944, 950-51 (9th Cir. 2000)(noting various courts have held that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield); Richman v. Straley, 48 F.3d 1139, 1146 (10th Cir. 1995) ( "Decisions regarding employment and termination are inherently discretionary."); Tonelli v. United States, 60 F.3d 492, 496 (8th Cir.1995) ("Issues of employee supervision and retention generally involve the permissible exercise of policy judgment and fall within the discretionary function exception."); Radford v. United States, 264 F.2d 709, 711 (5th Cir.1959) ( "It is well settled that the federal government has the unquestioned right to choose its own employees and is therefore not liable for acts done in the

exercise of that right."); West v. United States, No. 5:17-CV-04241, 2018 WL 3384909, at *9 (S.D.W. Va. June 13, 2018) ("Decisions concerning inmate classification, inmate placement, and allocation of staff involve an element of judgment or choice"), report and recommendation adopted sub nom. West v. United States, No. 5:17-CV-04241, 2018 WL 3381418 (S.D.W. Va. July 11, 2018). Accordingly, plaintiff's FTCA claim is also frivolous.

## CONCLUSION

In sum, plaintiff's motions (DE 9, 10) are DENIED, and plaintiff's action is DISMISSED as frivolous. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 26th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge